**NOT FOR PUBLICATION**



FILED

DEC 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30063 |
| Plaintiff-Appellee, | D.C. No.<br>4:15-cr-00062-BMM-1 |
| v. | |
| W.C., JUVENILE MALE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted December 8, 2016[**]
Seattle, Washington

Before: McKEOWN, TALLMAN, and CHRISTEN, Circuit Judges.

W.C. was adjudicated to be a juvenile delinquent and sentenced to three

years of probation after it was determined by bench trial that he had committed two

counts of aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153(a) and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2241(c). W.C. argues there was insufficient evidence at trial to support his conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the sufficiency of the evidence presented at a bench trial de novo. *See United States v. Jiang*, 476 F.3d 1026, 1029 (9th Cir. 2007). We must affirm a conviction if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Our review of the record confirms sufficient evidence was presented at trial from which a rational trier of fact could find beyond a reasonable doubt that W.C. committed the essential elements of the charged crimes. Although conflicting testimony was presented at trial, the district court carefully considered all of the evidence presented and was able to evaluate the demeanor and disposition of the witnesses. The district court heard the victims testify regarding the instances of sexual abuse, and also heard the testimony of the victims' parents. W.C. testified in his own defense, as did his mother. We must respect the exclusive province of the fact finder to determine the credibility of these witnesses, to resolve the evidentiary conflicts raised, and to draw reasonable inferences from proven facts. *See United States v. Hubbard*, 96 F.3d 1223, 1226 (9th Cir. 1996).

AFFIRMED.